MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Natalie George

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATALIE GEORGE, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAIIAN AIRLINES, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff NATALIE GEORGE, by and through her attorneys Charles H. Brower and Michael P. Healy, and for a cause of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff NATALIE GEORGE (hereinafter "GEORGE") was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant HAWAIIAN AIRLINES, INC., (hereinafter "HAWAIIAN") was at all times mentioned herein a foreign profit corporation organized in the State of Delaware, with a principle place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant HAWAIIAN on April 12, 1992, as a Customer Service Agent.

4. Plaintiff was 57 years of age at the time of the actions of the Defendant mentioned herein.

5. Defendant HAWAIIAN had been aware of Plaintiff's disability since May 2021, which included osteoarthritis, and an injury to her right knee in 2021 which was accompanied by physical restrictions through August 2021.

6. On July 26, 2022, Plaintiff was terminated from employment with Defendant HAWAIIAN.

## JURISDICTION

7. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990., as amended and the Age Discrimination in Employment Act of 1967, as amended.

8. The administrative prerequisites for filing this cause of action have been fulfilled. A Determination and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on February 23, 2023. This was a result of a Charge of Discrimination alleging discrimination due to age, disability and retaliation.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendant HAWAIIAN on April 12, 1992, as a Customer Service Agent.

10. Plaintiff was 57 years of age at the time of the discrimination alleged herein.

11. Defendant HAWAIIAN had been aware of Plaintiff's physical disability since May 2021, which included osteoarthritis, and an injury to her right knee in 2021 which was accompanied by physical restrictions through August 2021.

12. In August 2021, Plaintiff applied for a Customer Service Manager position for which Plaintiff was hired and started working as a Customer Service Manager in August 2021.

13. On June 29, 2022, Plaintiff contacted Human Resources to step down as the Customer Service Manager and return to her former position as a Customer Service Agent.

14. In the first two weeks of July 2022, Plaintiff received correspondence that she was approved to return to her position as a Customer Service Agent.

15. On July 8, 2022, Plaintiff received an email from Human Resources requesting a work status note from her doctor detailing her current restrictions/accommodation requirements. Plaintiff submitted the note to Human Resources on July 12, 2022.

16. On July 26, 2022, Plaintiff's restrictions/accommodation request was denied, her reassignment was revoked, and Plaintiff was terminated from employment with Defendant HAWAIIAN because of her age, disability, and due to retaliation for complaining about discrimination.

17. There were several available positions in which Defendant HAWAIIAN could have placed Plaintiff, for which Plaintiff was qualified for and had already applied.

18. Defendant HAWAIIAN cited Plaintiff's deficient performance and a performance plan as a reason for her termination, but Plaintiff wasn't given an explanation for the revocation of her return to her former job position as a Customer Service Agent, nor Defendant's decision to not place her in an available position for which Plaintiff had already applied and was qualified for.

19. Plaintiff was terminated from employment with Defendant HAWAIIAN due to her age, disability, and in retaliation for participating in protected activity,

with regards to assignment, discharge, and reasonable accommodation, in violation of Age Discrimination in Employment Act of 1967, as amended, and the Americans With Disabilities Act of 1990, and the Americans With Disabilities Act Amendments Act of 2008.

20. If not for Plaintiff's age, disability, and in retaliation for complaining about discrimination, Plaintiff would not have been terminated from employment with Defendant HAWAIIAN.

## STATEMENT OF CLAIMS

## COUNT I - AGE

21. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

22. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

23. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

24. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

25. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

26. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

## DISABILITY DISCRIMINATION

27. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

28. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

29. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

30. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

31. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

32. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT III

## RETALIATION

33. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

34. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of law, for which Plaintiff is entitled to an award of damages to be proven at trial.

35. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff GEORGE prays that judgment be entered on all Counts:

A. For reinstatement to her position with Defendant HAWAIIAN with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and; and

D. For punitive damages; and

E.    For attorney's fees, costs, and interest, including prejudgment interest; and

F.    For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, May 24, 2023.

        /s/ Charles H. Brower
        CHARLES H. BROWER
        MICHAEL P. HEALY
        Attorneys for Plaintiff
        Natalie George